IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| Kingdom Community Construction, LLC | ) | No. 14-12219 |
| | ) | |
| Debtor. | ) | Honorable Judge: Eugene R. Wedoff |
| | ) | |

## Notice of Motion

To: Attached Service List

    PLEASE TAKE NOTICE that on March 18, 2015 at 10:00 a.m., or a soon thereafter as Counsel may be heard I shall appear the Honorable Judge Eugene R. Wedoff in courtroom 744 of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois shall there and then present FIRST AND FINAL APPLICATION OF O. ALLAN FRIDMAN FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF COSTS AS DEBTOR'S COUNSEL pursuant to 11 U.S.C. 330, a copy of which is attached to this Notice and hereby served upon you.

                                          /s/O. Allan Fridman

## CERTIFICATE OF SERVICE

    I, O. Allan Fridman, hereby certify that I caused a copy of the following documents that to be served upon the following service list by email on February 25, 2014. A separate notice of hearing and amounts requested by the applicants was mailed by separate notice on February 25, 2015.

    1. FIRST AND FINAL APPLICATION OF O. ALAN FRIDMAN FOR ALLOWANCE OF INTERIM FEES AND REIMBURSEMENT OF COSTS AS DEBTORS' COUNSEL
2. COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
3. NOTICE OF HEARING ON FEE APPLICATIONS TO ALL CREDITORS TO BE SERVED ON THE PARTIES LISTED ON THE ATTACHED SERVICE LIST BY THE COURT'S ECF SYSTEM AND/OR  ON FEBRUARY 25, 2015.

                                      /s/    O. Allan Fridman

O. Allan Fridman
555 Skokie Blvd. Suite 500
Northbrook, Illinois 60062 847-412-0788 (6274954)

# SERVICE LIST

By ECF Filing and Email:

Patrick S Layng,
Office of the U.S. Trustee
Region 11
219 S Dearborn St
Room 873
Chicago, Illinois 60604
USTPRegion11.MD.ECF@usdoj.gov

M. Gretchen Silver
Trial Attorney
Office of the United States Trustee
219 S. Dearborn St., Room 873
Chicago, IL 60603

Robers Environmental Control Corp
C/O Ashley W Brandt
Freeborn & Peters LLP
311 South Wacker Drive
Suite 30000
Chicago, IL 60606
(312) - 636-4182
abrandt@freeborn.com

Michael Kelly
United States Attorney's Office (NDIL)

219 S. Dearborn
Suite 500
Chicago, IL 60604
312 353 5300
michael.kelly@usdoj.gov

Christopher L Muniz
Scalambrino & Arnoff, LLP
One North LaSalle Street
Suite 1600
Chicago, IL 60602
312-629-0545
clm@sacounsel.com

Acuity
C/O Samuel C. Wisotzkey
Kohner, Mann & Kailas, S.C.
4650 North Port Washington Road
Washington Building
Milwaukee, WI 53212
swisotzkey@kmksc.com

**By MAIL**
John Abercrombie
Kingdom Community Construction LLC
5151 West Madison Street
Chicago, IL 60644

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| Kingdom Community Construction, LLC | ) | No. 14-12219 |
| | ) | |
| Debtor. | ) | Honorable Judge: Eugene R. Wedoff |
| | ) | |

**FIRST AND FINAL APPLICATION OF O. ALLAN FRIDMAN FOR COMPENSATION AND REIMBURSEMENT FOR EXPENSES FOR PERIOD APRIL 1, 2014 THROUGH FEBRUARY 25, 2015**

Now comes the Debtor, Kingdom Community Construction, LLC ("Debtor"), debtor and debtor in possession (collectively, the "Debtors"), pursuant to 11 U.S.C. §§ 327, 330 and 331, a hereby submit this First and Final Fee Application (the "Fee Application") in the amount of $44,905.00 for legal services rendered during the period April 1, 2014 through February 25, 2015 and $1,569.24 in costs. In support thereof, Counsel respectfully states as follows:

**BACKGROUND**

1. On April 1, 2014, ("Petition Date") the Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code").

2. On June 24, 2014, this Court entered an Order approving Debtors' employment of O. Allan Fridman as Debtor's bankruptcy counsel in the Chapter 11 Cases retroactive to the Petition Date.

3. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their financial affairs as debtors in possession. No trustee, examiner or committee has been appointed in these cases.

4. The Debtor has operated a construction business primarily engaged in carpentry and

1

painting work for the past 6 years. In particular, the Debtor does a substantial amount of demolition work for the City of Chicago and municipal projects. Because of the filing of a collection suit by the Pension and Welfare Funds of the Carpenters and the Debtor was compelled to seek bankruptcy protection under Chapter 11 of the Bankruptcy Code.

**Narrative Summary of Services**

6. A narrative summary of the services rendered by O. Allan Fridman during the period April 1, 2014 through February 25, 2015 is set forth below. Itemized and detailed descriptions of the specific services rendered by O. Allan Fridman to the Debtors during this period are reflected on the billing statements attached hereto as Exhibits A-H. The billing statements set forth the name of the attorney, the amount of time expended rendering each service, the date on which each service was rendered, a description of the service rendered and the total number of hours of services rendered by each attorney or paralegal in each category.

7. The services rendered by Counsel during the period April 1, 2014 through February 25, 2015 have been segregated into Eight (8) categories as follows: (A) Case Administration; (B) Schedules/Statement of Financial Affairs, (C) Meeting of creditors, (D) Employment of Professionals; (E) Plan/Disclosure Statement; (F) IRS Plan/ Disclosure Objections (G) Claims Admin / Creditor Issues; (H) Fee Petition.. The time expended in each billing categories is set forth below, and summarized as O. Allan Fridman for a total of 128.30 hours at $350.00 per hour.

8. The hourly rates listed above are customary and reasonable and are the same hourly rates charged by O. Allan Fridman non-bankruptcy clients for other matters.

9. The fees sought by in each of the aforesaid billing categories are summarized as follows:

2

| EXHIBIT | TITLE OF CATEGORY | TIME INVOLVED | AMOUNT SOUGHT |
|---|---|---|---|
| A | Case Administration | 18.40 | 6,440.00 |
| B | Schedules / Statement of Financial Affairs | 6.10 | 2,135.00 |
| C | Meeting of Creditors | 2.20 | 770.00 |
| D | Employment of Professionals | 1.70 | 595.00 |
| E | Plan / Disclosure Statement | 51.60 | 18,060.00 |
| F | IRS Plan/ Disclosure Objections | 33.60 | 11,760.00 |
| G | Claims Administration / Creditor Issues | 10.20 | 3,570.00 |
| H | Fee Petition | 4.50 | 1,575.00 |
|  | **Total Fees** |  | **$44,905.00** |
| I | Costs |  | $1,569.24 |
|  | **Total** | 128.30 | **$46,474.24** |

10. There has been no duplication of services. When two or more professionals participated in any activity, such joint participation was necessary as a result of either the complexity of the problems involved or the need to familiarize each professional with the matters at issue so that each professional could perform further necessary work.

11. It is expected that the Debtor will not have sufficient funds to pay the Attorneys' entire fee award all at one time and that the Attorneys will have to make reasonable accommodations as to the payment of any award. However, as provided in the Bankruptcy Code, the Attorney is entitled to an award that is not contingent upon such accommodation or otherwise uncertain.

12. The tasks performed by Counsel in each of the listed categories and expenses incurred by Counsel are set forth in the attached exhibits and are summarized as follows:

EXHIBIT A – General Case Administration: This category includes the following: preparation of the Debtors' first day motions, attendance at court hearings relating to status; communications and meetings with Debtor and accountants and litigation counsel; review of Debtors financial documents; and preparation of the Debtors' monthly operating reports. Counsel spent 18.40 hours of attorney time on the foregoing services for a total fee of $6,440.00 as is more fully described in Exhibit A.

EXHIBIT B – Schedules / Statements of Financial Affairs: This category includes the following: review of information provided from Debtors in preparation of drafting schedules and statements of financial affairs; preparation of schedules and statements of financial affairs for each of the Debtors; communications and meetings with Debtors regarding the schedules and statements; and amendment to the schedules. Counsel spent 6.10 hours of attorney time on the foregoing services for a total fee of $2,135.00, as is more fully described in Exhibit B.

EXHIBIT C – Meeting of Creditors: This category includes the following: time spent preparing for the meeting of creditors and debtor in possession interview. Counsel spent 2.2 hours of attorney time on the foregoing services for a total fee of $770.00, as is more fully described in Exhibit F.

EXHIBIT D – Employment of Professionals: This category includes the following: drafting a motion to employ attorneys; drafting a motion to employ James Rome as litigation counsel; and attend court for hearing on the motion. Counsel spent 1.7 hours of attorney time on the foregoing services for a total fee of $595.00 as is more fully described in Exhibit D.

EXHIBIT E – Plan of Reorganization / Disclosure Statement: This category includes the following: developing a strategy to reorganize the Debtors, including analysis of plan viability; meetings with Debtors' principal to discuss plan options and strategy; draft disclosure statement

and plans of reorganization, responding to confirmation issues. Counsel spent 51.60 hours of attorney time on the foregoing services for a total fee of $18,060.00 as is more fully described in Exhibit E.

EXHIBIT F – IRS Plan of Reorganization / Disclosure Statement Objections: This category includes the dealing with motions and issue raised by the IRS's objections to the plan. Counsel spent 33.60 hours of attorney time on the foregoing services for a total fee of $11,760.00 as is more fully described in Exhibit E.

EXHIBIT G – Claims Administration / Creditor Issues: This category includes the following: drafting a motion to establish claims bar date and attendance at hearing on the motion; communications with various creditors relating to the filing of the Debtor's petition. Counsel spent 10.2 hours of attorney time on the foregoing services for a total fee of $3,570.00, as is more fully described in Exhibit G.

EXHIBIT H – Fee Petition: This category includes preliminary work on drafting the Debtor's first interim fee application. Specifically, this required review of all of the Debtor's time entries for proper categorization; review for compliance with bankruptcy and local rules; calculation of fees/professional, fees/category and hours/professional; and the initial drafting of the application. Counsel spent 4.5 hours of attorney time on the foregoing services for a total fee of $1,575.00, as is more fully described in Exhibit H.

16. The Debtor's Counsel respectfully submits that the fees and expense reimbursement sought herein are reasonable given the nature, extent and value of the services rendered, the quality and skill which the situation required, the costs of comparable services in other cases under Chapter 11, and that the time has been fairly and properly expended.

17. The Debtors Counsel expended a total of 128.30 hours for the services provided to

5

the Debtors. Based on the hourly charges of Debtors Counsel set forth above, counsel requests that the Court determine and allow it $44,905.00 as compensation pursuant to Section 330 and 331 of the Bankruptcy Code. Upon this Court's granting of the Application, Counsel will be paid by the Debtor in installments as mutually agreed upon.

### APPLICABLE LEGAL STANDARDS AND CRITERIA

18. Section 330 of the Bankruptcy Code provides, in relevant part:

> (a)(1) After notice . . . the court may award to . . . a professional person employed under section 327 or 1103—
> (A) reasonable compensation for actual, necessary services rendered by . . . such person; and
> (B) reimbursement for actual, necessary expenses.
> 11 U.S.C. § 330(a)(1).

19. Pursuant to section 330, professionals applying for fees must demonstrate that their services were actual, necessary and reasonable. Bankruptcy Rule 2016, in turn, requires that [a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested. * * *. . . services performed by attorneys representing Debtor must produce a benefit

20. *In re Grabill Corp.*, 110 B.R. 356, 358-59 (Bankr. N.D. Ill. 1990) (Squires, J.) (citations omitted). In assessing the reasonableness of attorneys' fees under section 330, Judge John H. Squires of the Bankruptcy Court for the Northern District of Illinois considered the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation

and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *In re McNichols*, 258 B.R. 892, 904-05 (Bankr. N.D. Ill. 2001) (Squires, J.).

21. Regardless of the significance of certain individual factors in determining the value of professional services, the Court should primarily focus its attention upon the reasonableness of the services provided to the estate. As the United States Court of Appeals for the First Circuit has recognized:

> [I]t is important for a court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the debtor] would not have enjoyed the success it did had its counsel managed matters differently. In re Boston and Maine Corporation, 776 F.2d 2, 10 (1st Cir. 1985) (quotations and citations omitted).

The Seventh Circuit has recognized that the appropriate measure to determine the reasonableness of attorneys' fees is the market based approach. See *Steinlauf v. Continental Illinois Corp.* (In the Matter of Continental Illinois Sec. Litig., 962 F.2d 566, 572 (7th Cir. 1992) (stating that the "object in awarding a reasonable attorneys' fee, as we have been at pains to stress, is to give the lawyer what he would have gotten in the way of a fee in an arms' length negotiation . . ."). Similarly, as one Court has reasoned, "the attorney/client relationship [i]s one in which the terms of the engagement should normally be upheld, including the fee arrangement, so as not to unduly intrude upon the bargain struck between the parties who have entered into an important professional relationship." *In re Famisaran*, 224 B.R. 886, 898 (Bankr. N.D. Ill. 1998) (Squires, J.).

## APPLICATION OF RELEVANT CRITERIA

**AND STANDARDS TO THIS COMPENSATION REQUEST**

22. In applying the criteria set forth above to this request for compensation, the Court should consider foremost the effort required and expended by Counsel, the reasonableness of the services rendered and the extremely good results achieved. All of the services performed by Counsel were required for the proper representation of the Debtor in this case were authorized by the Court and were performed by Counsel at the request and direction of the Debtor. Pursuant to Section 331 of the Bankruptcy Code and the generally applicable criteria of the time, nature, extent and value of the services performed, all of Counsel's services are compensable.

23. The amount of services rendered by Counsel to achieve the results obtained for the benefit of the estate's creditors was reasonable in light of the volume and complexity of the issues involved in this case.

24. The hourly rates and hours for which compensation is sought are reasonable and appropriate. The compensation request is well within an acceptable range for comparable legal services in the Chicago metropolitan legal community and is eminently fair given the efforts required of counsel in this case, and the risk of non-payment.

**STATEMENT OF LEGAL SERVICES AND EXPENSES PURSUANT TO 11 U.S.C. § 504 AND RULE 2016(B) OF THE RULES OF BANKRUPTCY PROCEDURE**

25. No agreement exists between Counsel and any third party for the sharing of compensation received by Counsel in this case, except as allowed by the exception set forth in section 504 of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation among members of counsels firm Wallach Michalec Fridman PC.

26. During the Application Period, Counsel has devoted 128.3 hours to represent the Debtor with respect to the categories listed in Exhibits A-H, and has provided the Debtor with

actual and necessary legal services worth a total of at least $44,905.00 and $1,569.00 in fees and Cost as detailed in Exhibit I.

27. Upon this Court's granting of the Application, payment of Debtors Counsel's compensation and expenses will first be applied to the retainer.

28. A copy of the computer generated time entries reflecting the time recorded for these services, organized in project billing categories in accordance with Local Rule 5082-1, is attached hereto as Exhibit J.

**NOTICE**

29. A copy of the Application has been sent to the Debtor and all parties entitled to notice via the Court's electronic notice system, including the United States Trustee and the creditors via email. Notice of the Application and hearing date has been sent to all creditors of the estate and all parties entitled to notice.

WHEREFORE, O. Allan Fridman, respectfully requests that the Court enter an Order:

A. Awarding it $44,905.00 as final compensation and $1,566.24 for costs, as set forth herein pursuant to Bankruptcy Code Section 330 and 331;

B. Granting such other and further relief as the Court deems just and proper.

By: /s/ O. Alan Fridman

O. Allan Fridman
555 Skokie Blvd. Suite 500
Northbrook, Illinois 60062
(847)4120788
6274954