IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| Kingdom Community Construction, LLC | ) | No. 14-12219 |
| | ) | |
| Debtor. | ) | Honorable Judge: Eugene R. Wedoff |
| | ) | |

**Notice of Motion**

To: Attached Service List

      PLEASE TAKE NOTICE that on March 18, 2015 at 10:00 a.m., or a soon thereafter as Counsel may be heard I shall appear the Honorable Judge Eugene R. Wedoff in courtroom 744 of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois shall there and then present the attached Motion Of Reorganized Debtor For Entry Of Final Decree, a copy of which is hereby served upon you**.**

/s/O. Allan Fridman

**CERTIFICATE OF SERVICE**

    O. Allan Fridman, an attorney, certifies that on March 11, 2015 he caused the foregoing Motion Of Reorganized Debtor For Entry Of Final Decree to be filed electronically. Notice of this filing was sent in the manner indicated.

/s/O. Allan Fridman

O. Allan Fridman
Wallach Michalec Fridman

PC 321 N Clark 5th Floor
Chicago, IL 60654
Tel: 847-412-0788
Attorney Code: 6274954

**SERVICE LIST**

By ECF Filing:

Patrick S Layng,
Office of the U.S. Trustee
Region 11
219 S Dearborn St
Room 873
Chicago, Illinois 60604
USTPRegion11.MD.ECF@usdoj.gov

M. Gretchen Silver
Trial Attorney
Office of the United States Trustee
219 S. Dearborn St., Room 873
Chicago, IL  60603

Robers Environmental Control Corp
C/O Ashley W Brandt
Freeborn & Peters LLP
311 South Wacker Drive
Suite 30000
Chicago, IL 60606
(312) - 636-4182
abrandt@freeborn.com

Michael Kelly
United States Attorney's Office (NDIL)
219 S. Dearborn
Suite 500
Chicago, IL 60604
312 353 5300
michael.kelly@usdoj.gov

Christopher L Muniz
Scalambrino & Arnoff, LLP
One North LaSalle Street
Suite 1600
Chicago, IL 60602
312-629-0545
clm@sacounsel.com

Acuity
C/O Samuel C. Wisotzkey
Kohner, Mann & Kailas, S.C.
4650 North Port Washington Road
Washington Building
Milwaukee, WI 53212
414 962-5110
414 962-8725 (fax)
swisotzkey@kmksc.com

**By Mail:**

Active Copies
3839 W Devon
Chicago, IL 60659

Acuity
2800 South Taylor Drive
Sheboygan, WI 53081

American Builders
953 Setton Court
Wheeling, IL 60090

Aramark Uniform Service
25259 Netwrok Place
Chicago, IL 60673

Berkley Risk Administrator
PO Box 59143
Minneapolis, MN 55459

Chicago Painters and Decorators Fringe Benefit Fund
 John F. Etzkorn,
Arnold and Kadjan
203 N. LaSalle Street,
Suite 1650 Chicago, IL 60601

D & E Industrial
1657 N Major
Chicago, IL 60605

David Lyman
200 S Wacker Drive Suite 3000
Chicago, IL 60601

Destiny Services
1139 W Vermont Ave
Calumet Park, IL 60827

First Funding Insurance
450 Skokie Blvd Suite 1000
Northbrook, IL 60062

GF Venture
925 Keeler Ave
Chicago, IL 60624

J & E Duff

909 West Washington St
West Chicago, IL 60185

M & M Services
3010 W Division
Melrose Park, IL 60160

Pekin Insurance
2505 Court Street
Pekin, IL

Raincoat Roof Maintenance
1750 Parkes Drive
Broadview, IL

Sharlen Electric
9101 S. Baltimore
Chicago, IL 60617

Truth and Deliverance
5151 W Madison 2nd Floor
Chicago, IL 60644

Valley Custom Woodwork
1626 Industrial Ct
Belvidere, Il 61008

Illinois Department of Revenue Bankruptcy Section
P.O. Box 64338
Chicago, IL 60664-0338

Illinois Department of Employment Security
33 South State Street
Chicago, Illinois 60603
Attn: Bankruptcy Unit - 10th flr

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| Kingdom Community Construction, LLC | ) | No. 14-12219 |
| | ) | |
| Debtor. | ) | Honorable Judge: Eugene R. Wedoff |
| | ) | |

**MOTION OF REORGANIZED
DEBTOR FOR ENTRY OF FINAL DECREE**

Kingdom Community Construction, LLC (the "Debtor") respectfully seeks the entry of a final decree closing his chapter 11 case (the "Chapter 11 Case"), pursuant to sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"). In support of this motion (the "Motion"), the Debtor respectfully represents as follows:

1. On April 1, 2015, (the "Petition Date"), the Debtor filed a voluntary petition in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq.

2. On February 4, 2015, the court entered its Order Approving the Amended Disclosure Statement for Debtor's Fourth Amended Plan of Reorganization Dated January 27, 2015 and confirming Debtor's Plan of Reorganization Dated June 16, 2014 [Docket No. 114] (the "Confirmation Order").

**RELIEF REQUESTED**

3. Section 350(a) of the Bankruptcy Code states that "[a]fter an estate is fully

1

administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. §350(a). Bankruptcy Rule 3022 implements the Bankruptcy Code's requirements, providing similarly that, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

4. Because the Debtor's estate is fully administered, the Debtor requests entry of a final decree closing the Chapter 11 Case.

## BASIS FOR RELIEF

5. The term "fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules, but the Advisory Committee Note to Bankruptcy Rule 3022 sets forth a nonexclusive list of factors to be considered to determine whether a case has been fully administered, including whether:

a) the order confirming the plan has become final;
b) deposits required by the plan have been distributed;
c) the property proposed by the plan to be transferred has been transferred;
d) the debtor or the successor to the debtor under the plan has assumed the business or the management of the property dealt with by the plan;
e) payments under the plan have commenced; and
f) all motions, contested matters, and adversary proceedings have been finally resolved.

6. Various courts have viewed these factors as a guide for determining whether a case should be closed. See, e.g., *In re Gates Cmty. Chapel of Rochester, Inc*., 212 B.R. 220, 223- 24 (Bankr. W.D.NY 1997) (closing case upon finding that case had been fully administered according to Advisory Committee Note factors); *In re Jay Bee Enters*., Inc., 207 B.R. 536, 538- 39 (Bankr. E.D. Ky. 1997) (same). See *In re Jr. Food Mart of Ark., Inc*., 201 B.R. 522, 524, 526 (Bankr. E.D. Ark. 1996) (closing case so "that no further [section

2

1930(a)(6)] fees accrue"); *Jay Bee*, 207 B.R. at 539 (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" on account of the continuing accrual of section 1930(a)(6) fees and also noting that there is "no provision of law that prevents closing a chapter 11 case before payment of the [section 1930(a)(6)] fees in question").

      7.    Bankruptcy courts have also held that a bankruptcy estate is "fully administered" when the Plan has been substantially consummated as defined by section 1101(2) of the Bankruptcy Code. See In *re BankEast* Corp., 132 B.R. 665, 668 n.3 (Bankr. D.N.H. 1991). To determine whether a bankruptcy estate is substantially consummated for the purposes of entering a final decree, a court may apply the requirements established by 11 U.S.C. § 1101(2) to the case sought to be closed. See Walnut Assocs., 164 B.R. at 492. Section 1101(2) defines substantial consummation as follows:

> (a) transfer of all or substantially all of the property proposed by the plan to be transferred;
> (b) assumption by the debtor or by the successor to the debtor under the plan of the business or of management of all or substantially all of the property dealt with by the plan; and
> (c) commencement of distributions under the plan.

11 U.S.C. § 1101(2); see also *In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (holding that case was "fully administered" notwithstanding fact that certain disbursements remained to be made); *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990) (same); *In re Jordan Mfg. Co., Inc.*, 138 B.R. 30, 35 (Bankr. C.D. Ill. 1992) (holding that a court should not delay entry of final decree simply because all payments under the plan have yet to be made).

      8.    Local Rule 3022-1 requires that the party moving to close the case shall state with the notice or motion the actual status of payments due to each class under the confirmed

3

plan. To that end, the distributions contemplated by or described in the Plan have been completed as follows:

| Class | Treatment | Status of Payments/ Dates of Distribution |
|---|---|---|
| Class 2. Allowed Secured Claim of the Internal Revenue Service | Impaired Impaired | Initial Payment made pursuant to terms described in the plan $25,000 paid February 28, 2015 |
| Class 3 Priority Tax Claims Internal Revenue Service | Impaired | Payments will begin on the Effective Date |
| Class 4. Priority Tax Claims Illinois Department of Revenue | Impaired | Payments will begin on the Effective Date |
| Class 5. Priority Tax Claims Illinois Department Employment Security | Impaired | Payments will begin on the Effective Date. |
| Class 6. Priority Pension Claims Chicago Regional Council of Carpenters Benefit Funds. | Unimpaired | Payments will begin on the Effective Date |
| Class 7. Priority Claim Pension Painters And Decorators Fringe Benefit Funds | Unimpaired | Payments will begin on the Effective Date |
| Class 8 Unsecured Pension Claims Chicago Regional Council of Carpenters Benefit Funds | Impaired | Payments will begin on the July 31 |
| Class 9. Unsecured Pension Claims Chicago Regional Council of Carpenters Benefit Fund | Impaired | Payments will begin on the July. 31 |
| Class 10 General Unsecured Claims | Impaired | Payments will begin on the July 31 |

9.    In this case, the Confirmation Order has become a final order. The initial payment to the Class 2 creditors has been made. All claims objections have been resolved.

4

Accordingly, the estate of the Debtor has been "fully administered," and the Chapter 11 Case should be closed, as provided by the express language of section 350(a) of the Bankruptcy Code.

## NOTICE

10. Notice of this Motion, has been given to (a) the Office of the United States Trustee for the Northern District of Illinois, (c) all creditors. In light of the nature of the relief requested herein, the Debtor submits that no further notice of the Motion is necessary or required.

11. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that this Court (a) enter a final decree, substantially in the form attached hereto, closing the Chapter 11 Case; and (b) grant such other and further relief as is necessary and proper.

          Respectfully Submitted,

          Kingdom Community Construction, LLC

        By:/s/ O. Allan Fridman

O. Allan Fridman
555 Skokie Blvd. Suite 500
Northbrook, Illinois 60062
847-412-0788
6274954

5